FILED
SUPERIOR COURT
OF GUAM

2019 AUG -5 PM 1: 39

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DELLE SWEGLER NADLER, MOANA SWEGLER LUKA, and MARK SWEGLER, derivatively on behalf of FADIAN DEVELOPMENT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MYUNG MOK BAE, B&K DEVELOPMENT, LLC, KEI ZA RYU BAE, and DOES 1-10, <br><br> Defendants, <br><br> and <br><br> FADIAN DEVELOPMENT, INC. | CIVIL CASE NO. CV0452-16 <br><br><br><br><br> DECISION AND ORDER |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on May 7, 2019, upon: 1) Defendant B&K Development LLC's Motion to Strike or in the Alternative, Motion for Leave to Conduct Limited Discovery; and 2) Defendants Myung Mok Bae and Kei Za Ryu Bae's Motion to Dismiss, filed February 25, 2019 and January 8, 2019, respectively. Plaintiff's Delle Swegler Nadler, Moana Swegler Luka, and the Estate of Mark Swegler (collectively, "Swegler Heirs"), derivatively on behalf of Fadian Development, Inc. ("Fadian"), were represented by Attorney Leslie A. Travis. Defendants Myung Mok Bae ("Bae") and Kei Za Ryu Bae ("Ryu") (collectively, "the Baes") were represented by Attorney Delia S. Lujan Wolff. Defendant B&K Development, LLC ("B&K") were represented by Attorney Georgette B. Concepcion. Having

reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On March 21, 1989, Defendant Myung Mok Bae, along with several other shareholders, formed Jang Bok Developing Company, Ltd. ("Jang Bok"), a Guam corporation. See Travis Decl., Ex. 1; see also Bae Decl. ¶ 3, Ex. A. On October 19, 1989, Jang Bok amended its Articles of Incorporation, changing its company name to Fadian Development, Inc., and listing Bae, Ryu, and Delbert Swegler ("Swegler"), among others, as shareholders and directors of Fadian. See Travis Decl., Ex. 2; see also Bae Decl., Ex. D.

On January 10, 1992, Swegler and Bae, along with other corporate representatives of Fadian and Jang Bok, executed a Supplemental Agreement which would amend Fadian's Articles of Incorporation "to provide that a two-thirds vote of the shareholders will be required to accomplish . . . the sale or encumbrance of significant assets of the corporation." See Travis Decl., Ex. 3. Thereafter, on March 10, 1992, Fadian filed a Fourth Amended Articles of Incorporation. See Travis Decl., Ex. 4-5. Consistent with the Supplemental Agreement, Article Nineteen of the Fourth Amended Articles of Incorporation requires a two-thirds vote of the shareholders of the corporation to accomplish the sale or encumbrance of significant assets of the corporation. Id. Later, Swegler, Bae, and the President of Fadian, Dometro Pablo ("Pablo"), executed a Cancellation of the January 10, 1992 Supplemental Agreement on December 11, 1992. See Bae Decl., Ex. G.

On July 14, 2012, Delbert Swegler died, testate. On August 21, 2012, Swegler's widow, Belen Swegler ("Belen"), filed in the Superior Court of Guam, a petition for probate of Swegler's will and to be appointed executrix of the estate in Probate Case No. PR0118-12 ("PR0118-12"). Approximately two years later, on July 7, 2014, Belen, the Swegler Heirs, and Karen Swegler, entered into a Settlement Agreement by which Swegler's 80,000 shares of common stock in Fadian were transferred to his children, Delle Swegler Nadler (18,667 shares), Moana Swegler Luka (18,667 shares), Mark Allan Swegler (18,667 shares), and Karen Swegler

(24,000 shares). See Travis Decl., Ex. 8; see also Travis Decl. II, Ex. 1. The Settlement Agreement provides in relevant part:

> *[Belen] shall cause to be transferred any and all interest in . . . personal property whether such interest is held in the name of . . . Delbert Swegler or Belen Swegler (individually): . . . (3) All of the interest and stock of FADIAN DEVELOPMENT, INC. ("Fadian")*, with a minimum of 40% stock interest, held in the name of the Estate or Belen Swegler ("Fadian Interest"), free and clear of any liens, charges, encumbrances at the time of transfer in the form attached hereto as Exhibit C, together with the stock certificate evidencing the shares held in the name of Delbert L. Swegler . . . . The Estate shall use its best efforts to obtain the stock certificate evidencing the Estate's 80,000 shares in Fadian ("Stock"), including requesting the issuance of the stock certificate evidencing the Estate's Interest, and filing a motion or petition directing Fadian to issue such stock certificate . . . . *[Belen's] sole obligation with respect to Fadian Development, Inc. is to transfer the stock interest referred to above.*

Id. (emphasis added).

On October 10, 2014, at the request of Belen, acting in her capacity of executrix of the Swegler Estate, Bae and Fadian's corporate secretary Sandra Pablo, executed a stock certificate, certifying that Swegler owned 80,000 shares of common stock in Fadian[1]. See Swegler Decl., Ex. D. In a report dated October 19, 2014, Attorney Ted Walters ("Attorney Walters") advised Bae that "it appears that a settlement has been reached between the executrix, Belen Swegler, and Mr. Swegler's children. Specifically, the children are to be awarded all Mr. Swegler's interest in Fadian." See Travis Decl., Ex. 13 at 9. Further, Attorney Walters advised Bae that if Fadian were to continue in its current form and shareholders, it would be comprised "40% with the Swegler children (who are the named heirs for Mr. Swegler's Fadian interests)". Id. at 13. On December 12, 2014, the Court in PR0118-12 issued its Order and Decree of Final Distribution, distributing Swegler's 80,000 shares of common stock in Fadian to Belen. See 1st Wolff Decl., Ex. C, D.

---

[1] On November 19, 2014, Bae filed the 2014 Annual Report for Fadian listing the following shareholders and their corresponding shares in the company: Myung Mok Bae (2001 shares); Dometro Pablo (18,000 shares); Delbert Swegler (80,000 shares); Keiza Ryu Bae (99,997 shares); Sandra M. Pablo (1 share); and Seoung Ho Chang (1 share). See Travis Decl., Ex. 6.

On December 23, 2015, the Baes and Su Heon Kim ("Kim") entered into a Limited Liability Company Agreement ("B&K LLC Agreement") establishing B&K Development, LLC, whereby Ryu held a 69% membership interest, Kim owning a 30% interest, and Bae a 1% interest in B&K. See Travis Decl., Ex. 9. Further, the B&K LLC Agreement provided that Bae would receive priority distribution of the first Twelve Million Dollars ($12,000,000.00) of the profits or gains earned by B&K as a result of its real estate development and leasing business. Id. Shortly thereafter, on December 30, 2015, Bae and Ryu, along with Sandra Pablo ("Pablo") and Seoung Ho Chang ("Chang"), signed a Resolution of Board of Directors of Fadian Development, Inc. ("December 30, 2015 Resolution"), consenting to the transfer of all Faidan corporate assets to B&K, pending approval from majority of Fadian's shareholders. See Travis Decl., Ex. 10. That same day, Bae, Ryu, Pablo, and Chang, executed a document titled Action by Written Consent of Shareholders of Fadian Development, Inc. ("December 30, 2015 Written Consent"), consenting to the transfer of all Fadian corporate assets to B&K and the dissolution of Fadian upon conclusion of such transfer. See Travis Decl., Ex. 11.

On March 3, 2016, Bae executed a Quitclaim Deed, purporting to transfer and convey thirty-three (33) parcels of real property owned by Fadian to B&K. See Travis Decl., Ex. 12. The Quitclaim Deed was filed and recorded at the Department of Land Management under instrument number 889557 the following day, March 4, 2016. Id. Bae executed the Quitclaim Deed on behalf of Fadian, and Ryu on behalf of B&K. Id. Notice was never provided to the Fadian shareholders, nor was a meeting held to discuss the transfer of assets and dissolution of Fadian. See Bae Tr. I, at 238:2-244:9; see also Ryu Tr., at 115:6-119:21. Further, Fadian did not reeive any consideration from B&K for the transfer of the property to B&K. See Bae Tr. I, at 265:23-267:3; see also Ryu Tr., at 110:5-14, 113:21-114:7; see also Kim Tr. I, at 193:90194:5.

On May 26, 2016, the Swegler Heirs filed their Complaint in this matter, alleging in relevant part that they "are heirs of Delbert Swegler, and, along with their sister Karen Swegler, since 2014 have owned 80,000 shares of Fadian, and have continuously been shareholders of Fadian at all times relevant to the wrongdoing complaint of." See Compl. at ¶ 3. On January 30, 2017, Plaintiffs served upon the Baes their Initial Disclosures identifying and attaching the

Fourth Amended Articles of Incorporation of Fadian; the Quitclaim Deed recorded on March 4, 2016; the Notice of Interest and Required Consent recorded May 19, 2016; the August 1, 2016, Agreement between Fadian and Mariana Stones Corporation; and the Order and Decree of Final Distribution filed December 12, 2014, in PR0118-12. See 1st Wolff Dec. ¶ 2, Ex. A.

On November 9, 2018, Plaintiffs filed their Motion for Summary Judgment. On January 8, 2019, a hearing was held on Plaintiffs' Motion for Summary Judgment. At the hearing, Defendants brought up the issue of standing and requested that the Court allow Defendants to file their Motion to Dismiss. Without addressing the merits of the Motion for Summary Judgment, the Court briefly inquired into the issue of standing and the Swegler Heirs' shareholder interest in Fadian. Nonetheless, on January 23, 2019, the Court granted the Defendants leave to file their Motion to Dismiss and rescheduled oral arguments on Plaintiffs' Motion for Summary Judgment[2]. See Order After Hearing (Jan. 23, 2019).

On January 8, 2019, the Bae Defendants filed their Motion to Dismiss. Defendant B&K filed a Joinder to the Bae Defendants motion on February 4, 2019. Plaintiffs' filed their Opposition on February 5, 2019, and the Defendants filed their Reply on February 19, 2019. Finally, on February 25, 2019, Defendant B&K filed a Motion to Strike or in the Alternative, Motion for Leave of Court to Conduct Limited Discovery.

On May 7, 2019, the Court heard oral arguments on all three motions: 1) Plaintiffs' Motion for Summary Judgment; 2) Defendants' Motion to Dismiss; and 3) Defendant B&K's Motion to Strike or in the Alternative, Motion for Leave of Court to Conduct Limited Discovery. At the conclusion of the hearing, the Court took the matters under advisement.

## DISCUSSION

### I.      Defendant B&K's Motion to Strike

Defendant B&K moves the Court to strike Exhibits A, C, D, and E attached to the Declaration of Belen Swegler in Support of the Plaintiffs' Opposition to Defendants' Motion to

---

[2] The Court also invited the parties to address specific issues regarding corporate law formalities, corporate notice requirements, and the vesting of interests within a corporation upon death or otherwise, in support of the parties' motion. See Order After Hearing (Jan. 23, 2019). Defendant B&K filed their Supplemental Brief re: Plaintiffs' Standing on February 19, 2019.

Dismiss, or in the alternative, to grant B&K leave to conduct limited discovery, due to Plaintiffs' failure to disclose pursuant to Rule 37(c) of the Guam Rules of Civil Procedure ("GRCP"). Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence of trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court on motion and after affording an opportunity to be heard, may impose other sanction, the court, on motion and after affording to be heard, may impose other appropriate sanctions.

Guam R. Civ. P. 37(c)(1).

The Plaintiffs, on the other hand, argue that the exhibits attached in support of their Opposition to Defendants' Motion to Dismiss are not part of the initial disclosures mandated by GRCP Rule 26(A)(1)(b), as they were not required to produce such documents in support of the causes of action and/or defenses in their Complaint. Rule 26(A)(1)(b) provides, in relevant part:

> A party must, without awaiting a discovery request, provide to other parties . . . a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Guam R. Civ. P. 26(A)(1)(b).

Here, the exhibits the Plaintiffs rely on in their Opposition to the Defendants' Motion to Dismiss support their argument that they indeed have standing to bring this derivative action. The standing issue, specifically the Swegler Heirs' shareholder interest in Fadian, was first raised by the Bae Defendants at the January 8, 2019, hearing on Plaintiffs' Motion for Summary Judgment. Subsequently, upon leave of the Court, the Bae Defendants filed their Motion to Dismiss for lack of standing, wherein B&K joined. Prior to filing their Motions to Dismiss, the Defendants never raised the issue of Plaintiffs' standing in their Answer or at any time prior to the dispositive motion and discovery cut-off dates. Thus, because the documents at issue are being used by the Plaintiffs to rebut the Defendants' standing argument made long after the discovery cut-off, disclosure of the exhibits attached to Plaintiffs' Declaration in Opposition to Defendants' Motion to Dismiss was not required under GRCP Rule 26(A)(1)(b). Consequently,

GRCP Rule 37(c) is inapplicable. Moreover, the Court finds no sufficient basis, based on the arguments presented by the Defendants, to reopen discovery and further delay this matter. Accordingly, the Court **DENIES** Defendant B&K's Motion to Dismiss or in the alternative, for Leave of Court to Conduct Limited Discovery.

## II.        Defendants' Motion to Dismiss

On January 8, 2019, the Bae Defendants filed a Motion to Dismiss the Plaintiffs' derivative action for lack of standing. Specifically, the Defendants argue that the Swegler Heirs are not shareholders of Fadian within the meaning of GRCP Rule 23.1 because the shares previously owned by their father, Delbert Swegler, were never properly transferred to them as required by Guam law and Fadian's bylaws. Defendant B&K joined in the Baes' Motion to Dismiss on February 4, 2019. On February 5, 2019, the Plaintiffs filed their Opposition. The Plaintiffs argue that there is no dispute the Swegler Heirs were equitable shareholders at the time of the alleged harm, are currently equitable shareholders as of the time of this filing, and therefore, have standing to pursue claims on behalf of Fadian.

"Standing is a threshold jurisdictional matter." Guam Image Consultants, 2004 Guam 15 ¶ 17 (citing Brewer v. Lewis, 989 F.2d 1021, 1025 (9th Cir. 1993)). Standing is a requirement of subject-matter jurisdiction that must be determined as of the date of filing of the complaint. Taitano v. Lujan, 2005 Guam 26 ¶ 15. The Court has no subject-matter jurisdiction over a case when a party lacks standing, and must dismiss the case. DFS Guam L.P., 2014 Guam 12 ¶ 14. The relevant question the Court must ask regarding standing is "whether the litigant is entitled to have the [C]ourt decide the merits of the dispute or of particular issues." Benavente v. Taitano, 2006 Guam 15 ¶ 14 (citing Warth v. Seldin, 422 U.S. 490, 498 (1975)).

The Supreme Court of Guam has adopted traditional standing requirements which require parties to possess either statutory or common law standing. Hemlani v. Melwani, 2016 Guam 33 ¶ 18 (citing Benavente, 2006 Guam 15 ¶¶ 16-18) (citations omitted)). Firstly, under the common law standing requirement, a litigant may claim standing if a litigant possesses what the US Supreme Court has called "the irreducible constitutional minimum of standing" under Article III of the US Constitution. Benavente, 2006 Guam 15 ¶ 15 (quoting Lujan v. Defenders

of Wildlife, 504 U.S. 555, 560-61 (1992)). However, a litigant may also claim statutory standing when standing is expressly conferred by statute. Benavente, 2006 Guam 15 ¶ 15 (citing Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973)).

Here, Defendants concede that on July 7, 2014, the Plaintiffs entered a Settlement Agreement with Belen Swegler, executrix of Delbert Swegler's Estate, in PR0118-12, by which the Plaintiffs were to receive Delbert Swegler's 80,000 shares of common stock in Fadian. However, Defendants argue that because the actual transfer of shares was never perfected and recorded on Fadian's corporate books, Plaintiffs are not record shareholders of Fadian pursuant to GRCP 23.1 and therefore, do not have standing to pursue a derivative action on behalf of the corporation. GRCP 23.1 provides in relevant part:

> **Rule 23.1. Derivative Actions by Shareholders.** In a derivative action brought by one or more shareholders or members to enforce a right of a corporation . . . the corporation . . . having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains, or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law.

Guam R. Civ. Pro. Rule 23.1. In other words, a shareholder's derivative suit is an *equitable action* which allows a shareholder to sue on behalf of a corporation to enforce a corporate right. The rule does not mandate that a plaintiff be merely a record shareholder of the corporation, as the Defendants contend, and courts have widely interpreted the rule to extend to equitable shareholders of a corporation in which it is clear that such shareholder has an incentive to vigorously pursue a derivative action on behalf of the corporation. See deHaas v. Empire Petroleum Co., 435 F.2d 1223, 1227-28 (10 Cir. 1970) (holding that an equitable owner of stock is the practical equivalent of record stock and sufficient to satisfy the mandates of Rule 23.1); see also Edgeworth v. First Nat. Bank of Chicago, 677 F. Supp. 982, 993 (S.D. Ind. 1988) (finding that the purpose of Rule 23.1 requirement is to ensure that derivative actions are maintained by those with an incentive to pursue claims faithfully and vigorously on behalf of the corporation). Thus, a derivative action may be brought by both a shareholder as well as a holder of a beneficial interest in corporate shares i.e., an equitable shareholder. See H. F. G. Co.

v. Pioneer Pub. Co., 162 F.2d 536, 540 (7th Cir. 1947); see also Fed. Deposit Ins. Corp. v. Kerr, 650 F. Supp. 1356, 1358-59 (W.D.N.C. 1986).

Pursuant to the July 7, 2014 Settlement Agreement executed and filed with the Court in PR0118-12, Belen was required to obtain from Fadian the stock certificate evidencing Delbert Swegler's shares in Fadian and transfer the stock interest to his four children. At the time Belen and the Swegler Heirs entered into the Settlement Agreement, Belen held title to Delbert Swegler's Fadian shares by operation of law. See Pessin v. Chris-Craft Indus., Inc., 181 A.D.2d 66, 71, 586 N.Y.S.2d 584, 587 (1992) ("where shares are acquired through a will or intestacy, they devolve by operation of law since neither the decedent nor recipient had any control over the death."). Consequently, title to Delbert Swegler's Fadian shares vested immediately upon his death to his surviving spouse, Belen, who ultimately received distribution of Delbert Swegler's shares through an Order and Decree of Final Distribution in PR0118-12. Under the terms of the Settlement Agreement, Belen agreed to transfer the Delbert Swegler's shares to the Swegler Heirs in consideration for the Swegler Heirs' agreement to withdraw their objection to Belen's appointment as executrix of the Swegler Estate. In exchange, the Swegler Heirs therefore, acquired an equitable interest in Delber Swegler's 80,000 Fadian shares. In other words, the Swegler Heirs acquired an equitable interest in their fathers' shares by contract, and thus, the right to protect their interests in Fadian.

Based on the facts above, the Court finds that the Plaintiffs' interests in Delbert Swegler's Fadian shares were established upon the execution of the July 7, 2014 Settlement Agreement between the Swegler Heirs and Belen in PR0118-12, by which Belen agreed to transfer the Delbert Swegler's shares to the Plaintiffs. Further, the Court finds that the Plaintiffs possess a strong incentive to protect their interests in the corporation and thus, have a genuine motive to pursue claims on its behalf as holders of an equitable interest in Fadian. Accordingly, because the Plaintiffs were equitable shareholders of Fadian at the time of the alleged wrong doing as well as of the filing of the Complaint, the Plaintiffs have statutory standing to bring the instant derivative action on Fadian's behalf as set forth in GRCP Rule 23.1. Thus, for the foregoing reason, the Court **DENIES** Defendants' Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant B&K Corporation, LLC's Motion to Strike, or in the alternative, Leave to Conduct Limited Discover, and **DENIES** Defendant Myong Mok Bae and Kei Za Ryu Bae's Motion to Dismiss. Having stayed its decision on the Plaintiffs' Motion for Summary Judgment pending the outcome of the Defendants' Motion to Strike, the Court now takes Plaintiffs' Motion for Summary Judgment under advisement. The Court will issue a written Decision and Order on Plaintiffs' Motion for Summary Judgment within thirty (30) days.

**IT IS SO ORDERED** _____**AUG 0 5 2019**_____ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

dge that a copy of the
cto was placed in the

G. Concepcion
L. Travis

8/5/19   2pm

Deputy Clerk, Superior Court of Guam